United States District Court
Southern District of Texas
**ENTERED**
August 09, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALLIED CENTER FOR SPECIAL § <br> SURGERY, AUSTIN, LLC, *et al.*, § <br>     Plaintiffs, § <br> § <br> v. § <br> § <br> UNITEDHEALTHCARE § <br> INSURANCE COMPANY, *et al.*, § <br>     Defendants. § | CIVIL ACTION NO. H-16-1273 |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 19] filed by Defendants UnitedHealthcare Insurance Company and UnitedHealthcare of Texas, Inc., to which Plaintiffs Allied Center for Special Surgery, Austin, LLC and related Allied entities filed a Response [Doc. # 22], and Defendants filed a Reply [Doc. # 25]. Having reviewed the limited record and applicable legal authorities, the Court **denies** the Motion to Dismiss as to Counts 1 and 2, and **grants** the Motion to Dismiss as to Count 3.

### I.   BACKGROUND

Plaintiffs are companies that provide various types of medical care, and Defendants are health insurance companies. Plaintiffs allege that participants in

employee benefit plans insured by Defendants received medical care at Plaintiffs' medical facilities. Plaintiffs allege that they contacted Defendants' representatives by telephone before providing the medical care to verify the patients' insurance coverage. Plaintiffs allege that Defendants paid the charges for this medical care at significantly reduced rates, well below the amount billed and also below the reasonable and customary rate.

Plaintiffs filed this lawsuit in Texas state court on April 8, 2016. Defendants filed a timely Notice of Removal [Doc. # 1], and moved to dismiss Plaintiffs' state law claims. Plaintiffs filed a First Amended Complaint [Doc. # 16], and the Motion to Dismiss the original petition was denied as moot by Order [Doc. # 21] entered June 13, 2016. Defendants filed the pending Motion to Dismiss the First Amended Complaint, which has been fully briefed and is now ripe for decision.

## II.     **RULE 12(b)(6) STANDARD**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. When there are well-pleaded factual allegations, a court should presume

they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Doe v. Robertson*, 751 F.3d 383, 388 (5th Cir. 2014). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### III.  ANALYSIS

#### A.  Count 1 - Promissory Estoppel

Plaintiff asserts a promissory estoppel claim under Texas law. "The elements of a promissory estoppel claim are: (1) a promise; (2) reliance thereon that was foreseeable to the promisor; and (3) substantial and reasonable reliance by the promisee to his detriment." *See Collins v. Walker,* 341 S.W.3d 570, 573-74 (Tex. App.-- Houston [14th Dist.] 2011, no pet.); *see also MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 977 (5th Cir. 2014). Defendants argue that Plaintiffs cannot assert both a claim for ERISA benefits and a promissory estoppel claim. Defendants argue also that Plaintiffs have failed to allege the reasonable reliance element of the promissory estoppel claim with adequate detail.[1]

---

[1]  Defendants argue also, and Plaintiffs concede, that the applicable four-year statute of limitations precludes recovery for treatment provided on or before April 8, 2012.

It is clear and uncontested that a promissory estoppel claim can be asserted in a lawsuit by a healthcare provider for payments from an ERISA plan. *See Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 385-86 (5th Cir. 2011). Plaintiffs are entitled to plead claims in the alternative and, therefore, dismissal of the promissory estoppel claim based on the existence of an alternative ERISA claim for benefits is unwarranted.

Defendants argue also the Plaintiffs fail to allege the reasonable reliance element of the promissory estoppel claim. Construing the First Amended Complaint in the light most favorable to Plaintiffs, the Motion to Dismiss is denied. Plaintiffs describe in some detail the insurance verification process and state that the "provider's decision to provide care and treatment, then, is based in significant part" on the information received during the verification process. *See* First Amended Complaint, ¶¶ 14-15. Plaintiffs allege that they substantially relied on the information provided. *See id.*, ¶ 25. These allegations adequately state a promissory estoppel claim under Texas law. Defendants' Motion to Dismiss the promissory estoppel claim is denied.

**B.    Count 2 - Claim to Recover ERISA Benefits**

Plaintiffs assert a claim to recover ERISA benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) ("§ 502"). "ERISA section 502(a)(1)(B) empowers a plan participant to sue 'to recover benefits due him under the terms of the plan, to enforce his rights

under the terms of the plan or to clarify his rights to future benefits under the plan.'" *North Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 194 (5th Cir. 2015) (quoting 29 U.S.C. § 1132(a)(1)(B)).  "If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits."  *Aetna Health Ins. v. Davila*, 542 U.S. 200, 210 (2004) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)); *Hamann v. Independence Blue Cross*, 543 F. App'x 355, 357 (5th Cir. 2013); *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 600 (N.D. Tex. 2014).

Defendants argue that the § 502 claim should be dismissed because Plaintiffs failed to allege the specific plan terms that confer the benefits in question.  Plaintiffs, however, allege that they provided medical care to plan participants and Defendants failed to reimburse Plaintiffs at the reasonable and customary rate.  The plan documents are not before the Court and, therefore, it cannot be determined whether the plan requires payment at the reasonable and customary rate or, instead, provides for reimbursement at a different rate.  As a result, Defendants are not entitled to dismissal of the § 502 claim.  Whether the terms of the plan at issue in this case actually require reimbursement as Plaintiffs allege can be raised on a motion for summary judgment.

### C. Count 3 - Claim for Failure to Provide Full and Fair Review

In Count 3 of the First Amended Complaint, Plaintiffs assert a claim under 29 U.S.C. § 1133 ("§ 503") for failure to provide a full and fair review. Defendants argue that the claim must be dismissed because a § 503 claim may be asserted only against the ERISA Plan itself. The ERISA Plan is the only proper defendant in a § 503 claim because "[r]emand to the plan administrator for full and fair review is usually the appropriate remedy when the administrator fails to substantially comply with the procedural requirements of ERISA." *See Rossi v. Precision Drilling Oilfield Servs. Corp. Employee Benefits Plan*, 704 F.3d 362, 368 (5th Cir. 2013). It is uncontroverted that neither of the two named Defendants is the ERISA Plan. As a result, the § 503 claim is dismissed.

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 19] is **DENIED** as to Counts 1 and 2 of the First Amended Complaint and **GRANTED** as to Count 3 of the First Amended Complaint.

The case remains scheduled for an initial pretrial conference on August 22, 2016.

SIGNED at Houston, Texas, this **9th** day of **August, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE